MICHAEL WENG *et al.*, Plaintiffs-Appellants, v. THOMAS ALLISON, Defendant-Appellee.

Third District No. 3—96—0230

Opinion filed April 10, 1997.

536

SLATER, J., dissenting.

Michael J. Weng, of Lousberg, Kopp, Kutsunis & Weng, of Rock Island, for appellants.

Thomas Allison, of Moline, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The plaintiffs, Michael and Karla Weng (buyers), bought a car from the defendant, Thomas Allison (seller). When the car failed to perform as they expected, the buyers sued the seller, claiming breach of express and implied warranties. The trial court entered judgment in favor of the seller. We reverse and remand.

At trial, the buyers testified that the seller told them that the car in question was: "mechanically sound," "in good condition," "a good, reliable car," "a good car," and had "no problems." The car was 10

years old and had been driven approximately 96,000 miles. Without test-driving the car, the buyers agreed to purchase it for $800.

When the buyers attempted to drive the car home, they noticed that the car did not seem to operate properly. They took the car to an automobile dealership for an inspection and learned that the car needed extensive repairs (costing approximately $1,500) and that it was not safe to drive. Subsequently, they brought suit against the seller.

After hearing the evidence, the trial judge found that the seller's statements indicated to the buyers that he never had any problems with the car. The court found that in order for the statements of the seller to become express warranties, they would have to constitute the "basis of the bargain" between the parties. The trial judge found that the statements made by the seller to the buyer could not become the basis of the bargain unless the buyer reasonably relied upon them. Finally, the trial judge found that no one could have reasonably relied upon statements to the effect that a 10-year-old car, driven 96,000 miles and being sold for $800, had "no problems" and was "mechanically sound." The trial court ruled that, because the statements did not constitute the basis of the bargain, they were not express warranties, and it entered judgment in favor of the seller.

Initially, we note that the seller has not filed a brief on appeal. However, the record is simple and the issues are such that the court can easily resolve them without the aid of an appellee's brief. Therefore, we turn to the merits of the case. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976).

■ The buyers argue on appeal that the trial court erred in finding that the seller had not breached express warranties. A reviewing court may not reverse the judgment of a trial court concerning the existence of an express or implied warranty unless it is clearly contrary to the manifest weight of the evidence. *Adolphson v. Gardner-Denver Co.*, 196 Ill. App. 3d 396, 400-01 (1990). For a judgment to be against the manifest weight of the evidence, it must appear that a conclusion opposite to that reached by the trier of fact is clearly evident. *First Security Bank v. Bawoll*, 120 Ill. App. 3d 787, 794 (1983). We find that the trial court's judgment was against the manifest weight of the evidence.

■ Express warranties are enforceable if the statements at issue are: (1) affirmations of fact or promises that relate to the goods and become part of the basis of the bargain; or (2) descriptions of the goods that are made part of the basis of the bargain. 810 ILCS Ann. 5/2—313 (Michie 1994); see *Redmac, Inc. v. Computerland*, 140 Ill. App. 3d 741 (1986). If the goods fail to conform to the affirmations or promises, the seller may be held accountable for breach of warranty.

■ In this matter, the seller's statements to the buyers that the car was "mechanically sound," "in good condition," and had "no problems" were affirmations of fact and descriptions of the car that created an express warranty. *Capital Equipment Enterprises, Inc. v. North Pier Terminal Co.*, 117 Ill. App. 2d 264, 266 (1969) (representation by seller that crane was "in good condition" created express warranty); *Sass v. Spradlin*, 66 Ill. App. 3d 976, 981 (1978) (seller's statement that truck was in "undamaged condition" when it in fact had a defective transmission was breach of express warranty).

We find the trial court's ruling that the statements of the seller could not have been part of the basis of the bargain simply because no reasonable persons could have relied upon those statements was erroneous. The trial court misconstrued the role of reliance in determining whether an affirmation of fact or description is part of the basis of the bargain. Affirmations of fact made during the bargain are presumed to be part of the basis of the bargain unless clear, affirmative proof otherwise is shown. *Wheeler v. Sunbelt Tool Co.*, 181 Ill. App. 3d 1088, 1100 (1989). It is not necessary, therefore, for the buyer to show reasonable reliance upon the seller's affirmations in order to make the affirmations part of the basis of the bargain. 810 ILCS Ann. 5/2—313 Uniform Commercial Code Comment, Comment 3, at 109 (Michie 1994). The burden is upon the seller to establish by clear, affirmative proof that the affirmations did not become part of the basis of the bargain. *Crest Container Corp. v. R.H. Bishop Co.*, 111 Ill. App. 3d 1068 (1982).

In this matter, the record shows no clear, affirmative proof that the seller's affirmations of fact were not part of the basis of the bargain. Instead, the trial court simply assumed that no one could have reasonably relied upon the seller's statements that the car was mechanically sound, in light of the age, price and mileage of the car. We disagree. Any car of the age and mileage of the car sold to the plaintiffs can be "mechanically sound" and yet worth only $800; many other factors enter into the price of a car, *i.e.*, the condition of the body, the condition of the paint, the presence or absence of rust, the condition of the tires, the condition of the interior of the car, the presence or absence of broken glass, etc. A "mechanically sound" car in otherwise poor condition can reasonably be worth $800.

To say, as the trial court did, that because of the age, mileage and price of the car no reasonable person could expect it to be mechanically sound is insufficient to overcome the presumption that the seller's affirmations concerning the condition of the car created an express warranty. The trial court's judgment was, therefore, against the manifest weight of the evidence.

We hold that the buyers proved the seller breached an express warranty and the seller failed to establish otherwise by clear affirmative proof. We reverse the judgment of the circuit court of Rock Island County on that basis and remand for entry of a judgment in favor of the buyers.

Reversed and remanded with direction.

BRESLIN, J., concurs.

JUSTICE SLATER, dissenting:

The trial court found that no reasonable person could have relied on the seller's statements that the car was "mechanically sound" and had "no problems" given the age, mileage and price of the car. The majority disagrees, finding that a car that is in "otherwise poor condition" but mechanically sound may reasonably be worth $800. The majority notes that such factors as the condition of the body, tires, interior and paint may affect a car's value. The problem with such an analysis is that the bystander's report contains no information about anything but the car's mechanical condition. Although reasonableness is an objective standard, it must be based on the facts as they exist at trial, not on speculation. The trial court, as the finder of fact, based its decision on the evidence presented. As the majority points out, for that judgment to be against the manifest weight of the evidence, the opposite conclusion must be clearly evident. The record in this case does not support such a determination. I would affirm the trial court.